IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Lorilei Perry a/k/a Lorilei N. Perry, ) | CIVIL ACTION NO. 2:14-2544-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Kenneth C. Perry, John G. Frampton, ) | |
| William Wylie, Nancy McLin, Leslie ) | |
| Riddle, Tera Richardson, and ) | |
| Katrina Patton, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

       This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Dorchester County. It was subsequently removed to this United States District Court by the Defendants on June 23, 2014. At that same time, the Defendants Wylie, McLin and Riddle, all South Carolina Family Court Judges, filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. The remaining Defendants (with the exception of Kenneth Perry, apparently Plaintiff's former husband) have all filed answers to the Complaint.

       As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 9, 2014, advising Plaintiff of the importance of a motion to dismiss, and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately,

1



the Defendants' motion may be granted. Plaintiff thereafter filed a response in opposition on July 29, 2014.

Defendants' motion to dismiss is now before the Court for disposition.[1]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

While Plaintiff's Complaint is difficult to decipher, it is apparent that the genesis of her claim derives from her having to appear (apparently involuntarily) in some state family court proceedings.[2] Plaintiff complains that the "common law court" involved in her state action is not

---

[1] As this is a dispositive motion, this Report and Recommendation is being entered for review by the Court.

[2] This Court can take judicial notice that Plaintiff previously filed a lawsuit in this Court relating to her divorce proceedings. The Defendants McLin, Riddle and Wylie are all State Family
(continued...)



a legally constituted court, that these Defendants' actions were therefore "lawless", and that their actions deprived her of her constitutional rights. Plaintiff seeks monetary damages. In her response to the Defendants' motion, Plaintiff argues that she was denied her legal rights during her state court proceedings, and that these judicial defendants "made my decisions for me without my consent or knowledge".

The Defendants Wylie, McLin and Riddle all assert, inter alia, that they are entitled to dismissal as party Defendants in this case because they have absolute judicial immunity from suit in this action. The undersigned agrees. The Defendants are all judges of the Family Court, which is a part of the state of South Carolina's unified judicial system. The doctrine of judicial immunity provides absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]. Accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) [discussing judicial immunity of United

---

²(...continued)
Court Judges who heard various motions, or presided over various proceedings, involving Plaintiff's divorce. See Perry v. State of South Carolina, et al., Civil Action No. 13-2186. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



States District Judges and United States Circuit Judges].

## Conclusion

Based on the foregoing, it is recommended that these Defendants' motion be **granted**, and that William Wylie, Nancy McLin and Leslie Riddle be **dismissed** as party Defendants in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 4, 2014
Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

